UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEVEN MENZ, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No.  4:04CV00077 RWS |
| ) | |
| PROCTER & GAMBLE HEALTH CARE ) | |
| PLAN, et al., ) | |
| ) | |
| Defendant(s). ) | |

## ORDER

Steven Menz asks for Attorney Fees and Costs pursuant to Section 502(g)(1) of E.R.I.S.A., 29 U.S.C. Sec. 1132(g)(1).

Because attorneys' fees are not appropriate unless some judicial determination compelled a change in conduct the motion for fees and costs will be denied.

**BACKGROUND**

On October 3, 2002, Steven Menz left arm was injured in an accident.  The arm was amputated above the elbow.  Before March 25, 2003,  Menz filed a claim with Defendants seeking benefits for a myoelectric prosthetic arm ("Utah arm").  Plaintiffs Exhibit 2.  On June 9, 2003 that claim for a Utah arm was denied. P.Ex. 6.

Menz appealed that decision on September 3, 2003.  That appeal was acknowledged by the Plan on September 16, 2003.  P.Ex. 17.  The appeal was denied on September 23, 2003.  P.Ex.7.  Menz submitted a second appeal to the Plan on October 22, 2003. P.Ex. 8.  Menz continued to supplement the record for the second appeal with doctors reports through at least January 16, 2004.

On January 20, 2004, Jennifer Ting, Defendants' benefits counsel, informed Menz that benefits would not be provided for the. P.Ex. 14, para. 3(a).

On January 21, 2004, Menz filed a Verified Complaint ("Complaint") and Application for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction with Certification ("TRO") against Defendants The Procter & Gamble Health Care Plan ("the Plan"), The Procter & Gamble Company ("P&G"), and others. The Plan ultimately granted Menz the benefits for a myoelectric prosthetic arm on February 2, 2004.

Before a hearing on the Temporary Restraining Order could be held, an agreement was reached between the parties and the motion was vacated as moot. Menz then filed an interim motion for attorneys fees and costs based on the argument that the suit in this case was the catalyst to the resolution. Because the parties voluntarily resolved their disagreement without formal judicial intervention, much less a judicial ruling, the request for fees will be denied.

**ANALYSIS**

ERISA's remedial provisions include the discretion to award attorney's fees to either party: "In any action under this subchapter ... by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). As illustrated by Geissal v. Moore Medical Corp, 388 F.3d 926, (8th Cir. 2003), the term "prevailing party," has essentially been incorporated in Eighth Circuit ERISA attorney fees cases. Gissal, at 934.

The Supreme Court of the United States held in Buckhannon Bd. & Care Home, Inc. v. West Va. Dep't of Health & Human Resources, 532 U.S. 598 (2001), that to qualify as a "prevailing party" a plaintiff must secure a "judicially sanctioned change in the legal relationship of the parties" Id. at 605. The Buckhannon decision noted that a prevailing party obtains either an enforceable judgment on the merits or a court-ordered consent decree which establishes the

required judicially sanctioned change in legal relationship. Id. at 604. The United States Appeals Court for the Eighth Circuit has held that Buckhannon is to be applied broadly. Cody v. Hillard, 304 F.3d 767, 773 (8th Cir.2002).

Menz argues that Buckhannon does not apply to ERISA cases because the statute does not use the 'prevailing party' language relied upon in the Supreme Court's decision. Menz insists that the Appeals Court went so far as to reject the holding in Buckannon in Geissal[1]. In fact, what the Eighth Circuit left "unresolved the question whether, in ERISA cases, a district court may only award attorney's fees to a prevailing party." Id. at 935.

The Supreme Court of the United States also held in Buckhannon, held that the "catalyst theory" of prevailing party status is no longer valid. The "catalyst theory," applies when a party brought forth "voluntary change" by the defendant. 532 U.S. at 601. The Supreme Court stated that the "catalyst theory" was inappropriate for the award of attorney's fees because "[i]t allows an award where there is no judicially sanctioned change in the legal relationship of the parties." Id. at 605. "A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial imprimatur on the change." Id. The Court in Buckhannon also stated that "[p]rivate settlements do not entail the judicial approval and oversight involved in consent decrees." Id. at 604 n.7.

**CONCLUSION**

In this case, the Plan voluntarily changed its decision to provide benefits for the Utah Arm. The private settlement between the parties did not involve the authority of the court. Because there is no enforceable settlement or judgment, there has been no relief granted to on the merits of

---

[1] "In the recent case of Geissal vs. Moore Medical Corp., 338 F.3d 926 (8th Cir. July 31, 2003) (Eighth Circuit appeal nos. 02-2255 and 02-2256[)], the Eighth Circuit sub silentio rejected Buckhannon when vigorously advanced by Greensfelder, Hemker & Gale, since the Eighth Circuit affirmed the District Court's grant of recovery of attorney's fees under ERISA even though the District Court found the plaintiff obtained no remedy for herself." Memorandum in support of the motion for interim fees, page 17, note 9.

the claim in front of this court.  Therefore, the agreement is voluntary.  Based on controlling Eighth Circuit precedent, Menz is not a prevailing party in the litigation and as a result is not entitled to an award for his attorney fees.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's MOTION for Attorney Fees and Costs [Doc. # 16 ] is **DENIED**.

**IT IS FINALLY ORDERED** that Defendant's MOTION for Leave to File a Sur-Reply in Opposition to Plaintif's Motion for Interim Fees and Costs [Doc. # 26 ] is **MOOT**.

Dated this 19th day of August, 2004.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE